D. Victoria Baranetsky, SBN 311892
Brooke Henderson (*pro hac vice*)
THE CENTER FOR INVESTIGATIVE
REPORTING
222 Sutter St.
San Francisco, CA 94108
(510) 982-2890 (t)
(510) 849-6141 (f)
vbaranetsky@cir.org

Matthew Strugar, SBN 232951
LAW OFFICE OF MATTHEW STRUGAR
3435 Wilshire Blvd., Suite 2910
Los Angeles, CA 90010
(323) 696-2299
matthew@matthewstrugar.com

Peter Bibring, SBN 223981
LAW OFFICE OF PETER BIBRING
2210 W. Sunset Blvd., #203
Los Angeles, CA 90026
(213) 471-2022 (t)
peter@bibringlaw.com

Matthew S.L. Cate, SBN 295546
LAW OFFICE OF MATTHEW S. L. CATE
101 Montgomery Street, Suite 900
San Francisco, CA 94104
Tel/Fax: (415) 964-4400
matt@matthewcatelaw.com

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| THE CENTER FOR INVESTIGATIVE REPORTING,<br><br>PLAINTIFF,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES.,<br><br>DEFENDANTS. | Case No. 4:25-cv-10039-AMO<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>CMC Date:       June 25, 2026<br>Time:               10:00 a.m.<br><br>Hon. Araceli Martínez-Olguín |

**<u>INTRODUCTION</u>**

Pursuant to Fed. R. Civ. P. 16 and 26 and the Standing Order for All Judges of the Northern District of California, the parties submit this Joint Case Management Statement.  Counsel met and conferred on April 20, 2026, regarding the topics enumerated in Fed. R. Civ. P. 26(f).

**1.      Jurisdiction and Service**

The action presents a claim under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, for injunctive and other appropriate relief.  Plaintiff has served the United States.  There are no disputes regarding jurisdiction, venue, or service at this time.

**2.      Facts**

*Plaintiff's Contentions*: Plaintiff The Center for Investigative Reporting ("CIR"), a non-profit investigative news organization and publisher, brings this FOIA case with two components:

First, CIR alleges that Defendant, the U.S. Department of Health and Human Services ("HHS") has failed to comply with FOIA obligations in connection with three individual FOIA requests made by CIR reporters to the HHS Office of the Secretary and the Food and Drug Administration ("FDA"), a component agency of HHS and seeks to compel compliances with those requests (the "Individual FOIA Request Claim").

Second, CIR alleges that HHS has engaged in consistent and widespread non-compliance with FOIA, most recently caused by broad layoffs in FOIA staff at HHS component agencies since January 1, 2025 that has resulted in dramatic increases in FOIA noncompliance and delay (the "Pattern and Practice Claim").

*Defendant's Contentions:* Defendant contends, among other things, that Plaintiff's complaint raises claims that are or will become moot.  Defendant further contends that Defendant has exercised due diligence in processing Plaintiff's FOIA requests.  Defendant further contends that Plaintiff will not be able to show that Defendant has a policy or practice of non-compliance with FOIA.  Defendant also contends that Plaintiff's complaint seeks relief that is not authorized by the FOIA.

*Principal factual issues in dispute*:

Plaintiff believes that the principal factual issues related to key metrics in HHS's FOIA response will be undisputed, including HHS's average time to adjudicate expedited processing requests,

JOINT CASE MANAGEMENT STATEMENT

time to completion of FOIA request, and FOIA backlog (the number of FOIA requests pending beyond the time required by statute). Plaintiff believes there may be disputed factual issues around changes in the quality of HHS's FOIA response in whether Defendants' non-compliance with FOIA was caused or exacerbated by layoffs and restricting of HHS's FOIA offices since January 1, 2025.

**3.     Legal Issues**

The Court may be called upon to resolve the following legal issues: whether Defendant has fulfilled its obligations to Plaintiff under the FOIA, whether Defendant's have engaged in unlawful pattern or practice regarding its responses to FOIA requests that violates the FOIA, whether Plaintiff seeks relief beyond that authorized by the FOIA, and whether Plaintiff is entitled to an award of attorneys' fees and litigation costs.

**4.     Motions**

The parties have filed no substantive motions to date.  The parties anticipate filing motions for summary judgment or partial summary adjudication.

The parties anticipate that they may have disputes regarding the scope of permissible discovery but such disputes are not yet ripe for the Court's consideration.

**5.     Amendment of Pleadings**

The parties do not anticipate seeking to amend the pleadings.

**6.     Evidence Preservation**

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.

**7.     Disclosures**

*Plaintiff's Position*

The parties should make initial disclosure requirements pursuant to Fed. R. Civ. P. 26 by the time of the case management conference.  These disclosures will not likely be substantial.

*Defendant's Position*

Initial disclosures are not necessary at this time, as this is a FOIA action for which no such exchange of information is typically needed.  If necessary, the parties can make initial disclosures in conjunction with meeting and conferring regarding the scope of discovery at the end of summer 2026.

**8.    Discovery**

***Discovery taken to date.***   The parties have not taken discovery to date, although HHS has agreed to a production schedule for responsive documents on the Individual FOIA Requests and has begun production.  Plaintiffs anticipate propounding discovery before the Case Management Conference.

***Scope of anticipated discovery.***

*Plaintiff's Position*

Because this case is not limited to the Individual FOIA Request Claim but instead also involves the Pattern and Practice Claim, it is not a "typical" FOIA case. As explained below, discovery is routinely granted in FOIA pattern-and-practice cases. *See Gilmore v. U.S. Dep't of Energy*, 33 F. Supp. 2d 1184, 1190 (N.D. Cal. 1998). So, and in connection only with the Pattern and Practice Claim, Plaintiff anticipates seeking documents and propounding interrogatories on metrics related to HHS's FOIA response and capacity, including key metrics on FOIA responses, as well as seeking documents, propounding interrogatories, and possibly seeking limited deposition testimony related to the planning of layoffs and restructuring of HHS's FOIA Offices and the anticipated and actual impact of the layoffs and restricting on FOIA operations and FOIA compliance.

*Defendant's Position*

As explained below, because discovery is not typically allowed in FOIA cases, Defendant contends that the Court should defer any decision on the scope of discovery until at least the end of summer 2026.  To the extent the Court allows discovery at all, it should be limited to discovery regarding Defendant's "policies and practices for responding to FOIA requests, and the resources allocated to ensure its compliance with the FOIA time limitations."  *Gilmore v. U.S. Dep't of Energy*, 33 F. Supp. 2d 1184, 1190 (N.D. Cal. 1998).

JOINT CASE MANAGEMENT STATEMENT

***Proposed limitations or modifications of the discovery rules.***

*Plaintiff's Position*

Plaintiffs do not believe that any limitation or modification of the discovery rules is necessary at this time, without prejudice to either party seeking any modification that seems necessary through the course of discovery.

In standard FOIA cases, where plaintiffs seek specific records, discovery is rarely warranted. Courts usually decide these cases on summary judgment motion briefs, though limited discovery may be granted where plaintiffs the plaintiff demonstrates a need for it. *See Families for Freedom v. U.S. Customs & Border Protect.*, No. 10-2705, 2011 WL 6780905 (S.D.N.Y. Dec. 27, 2011) (Scheindlin, J.); *Citizens for Resp. & Ethics in Wash. v. VA*, No. 08-1481, 2011 WL 6257201 (D.D.C. Dec.15, 2011) (Friedman, J.). In contrast, while less common, courts routinely allow discovery in FOIA pattern-and-pattern cases like this one. *See, e.g.*, Scheduling Order, *Scoville v. U.S. Department of State*, No. 22-CV-91, Dkt. No. 28 (E.D. Wis. Sept. 29, 2022) (setting deadlines for initial disclosures and discovery in pattern and practice FOIA case); *Raher v. BOP*, No. 09-526, 2012 WL 2721613 (D. Or. July 6, 2012) (Stewart, Mag.).

*Defendant's Position*

Because this is a FOIA action, the usual discovery process for other types of cases is not likely to apply. *See Lane v. Dept. of Interior*, 523 F.3d 1128, 1134 (9th Cir. 2008) (noting that in FOIA cases, "courts may allow the government to move for summary judgment before the plaintiff conducts discovery"). At the very least, Defendant contends that it would be premature to allow any discovery until the end of summer 2026, at which time Defendant estimates that will have completed its production of non-exempt documents responsive to one of Plaintiff's three FOIA requests. Defendant contends that at that time, the parties should meet and confer and, if the parties are unable to agree on the scope of discovery, Plaintiff should be required to file a motion with a declaration pursuant to Fed. R. Civ. P. 56(d) "itemizing the discovery [Plaintiff] feels is necessary to adequately address the issue[s]" to be presented on summary judgment. *Gilmore v. U.S. Dep't of Energy*, 33 F. Supp. 2d 1184, 1189 (N.D. Cal. 1998). The discovery limits provided in the Federal Rules of Civil Procedure are excessive given the nature of this FOIA case.

JOINT CASE MANAGEMENT STATEMENT

*Stipulated e-discovery order.*  Because the factual issues in the case concerns government policy relating to FOIA operations, the parties do not anticipate that a stipulated protective order for e-discovery will be necessary at this time.

*Any identified discovery disputes.* The parties have not identified any discovery disputes at this time other than the scope and timing disputes described above.

**9.    Class Actions**

Not applicable, as this is not a class action.

**10.    Related Cases**

There are no related cases or proceedings pending before another judge of this Court, or before another court or administrative body.

**11.    Relief**

Plaintiff seeks only injunctive relief and declaratory relief and attorneys' fees, and other relief as appropriate.  Plaintiff does not seek damages.

Defendant denies that Plaintiff is entitled to any relief and seeks dismissal and costs.

**12.    Settlement and ADR**

The parties have engaged in constructive discussions on resolution of the Individual FOIA Request Claim.  Defendant has begun production of responsive documents, and the parties are optimistic that the claim can be resolved with, at most, adjudication by the Court of some limited claims of privilege.

*Plaintiff's Position*

Plaintiff believes that settlement of the Pattern and Practice FOIA Claim may be possible, but only after discovery. Given that the relief requested involves injunctive relief regarding a government agency, Plaintiff anticipates that mediation before a magistrate judge or private mediation before a retired federal judge toward at the close of discovery will be the best approach for ADR.

*Defendant's Position*

The parties are working to define the scope of the disputes regarding Plaintiff's pattern and practice claim.  At this stage, it is not clear to Defendant what discovery, if any, will be necessary to

JOINT CASE MANAGEMENT STATEMENT

resolve the dispute.  Defendant does not object to a settlement conference before a magistrate judge before summary judgment briefing takes place.

**13.    Other References**

The parties do not believe the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**14.    Narrowing of Issues**

As noted above, the parties may be able to resolve the Individual FOIA Request Claim.

**15.    Scheduling**

The parties propose the following schedule for pretrial dates and trial:

| Event | Plaintiff Proposal | Defendant Proposal |
|---|---|---|
| Fact discovery cut-off | March 12, 2027 | March 12, 2027 |
| Designation of experts [Rule 26(a)(2)(A)] | March 12, 2027 | March 12, 2027 |
| Designation of rebuttal experts [Rule 26(a)(2)(D)] | April 2, 2027 | March 26, 2027 |
| Opening expert reports [Rule 26(a)(2)(B)] | April 2, 2027 | March 26, 2027 |
| Rebuttal expert reports [Rule 26(a)(2)(B)] | April 19, 2027 | April 19, 2027 |
| Expert discovery cut-off | May 14, 2027 | May 14, 2027 |
| Last day to hear dispositive motions | July 8, 2027 | July 8, 2027 |
| Pretrial Conference | Sept. 23, 2027 at 11 a.m. | N/A |
| Trial | October 5, 2027 | N/A |

**16.    Trial**

*Plaintiff's Position*

The case seeks injunctive relief only and so will be tried to the Court.  Plaintiff anticipates the trial will last 3-5 days.

*Defendant's Position*

The issues in this case can be resolved through summary judgment, and no trial will be needed.

6

JOINT CASE MANAGEMENT STATEMENT

**17.    Disclosure of Non-party Interested Entities or Persons**

Plaintiff has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15, at Dkt. No. 4, indicating that there is no conflict or interest (other than the named parties) to report.  Defendant is a governmental entity not required to file such certification.

**18.    Professional Conduct**

The attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**19.    Other matters**

The parties are not aware at present of other matters that could facilitate the just, speedy and inexpensive disposition of this matter.

Respectfully submitted,

DATED: June 18, 2026          THE CENTER FOR INVESTIGATIVE REPORTING
LAW OFFICE OF PETER BIBRING
LAW OFFICE OF MATTHEW STRUGAR
LAW OFFICE OF MATTHEW S.L. CATE

*/s/ Matthew S.L. Cate*
MATTHEW S.L. CATE

Attorneys for Plaintiff

DATED: June 18, 2026          CRAIG H. MISSAKIAN
United States Attorney

*** Roman A. Swoopes*
ROMAN A. SWOOPES
Assistant United States Attorney

Attorneys for Defendant

**    In accordance with Civ. L.-R. 5-1(i)(3), the filer of this document attests that this signatory concurs in the filing of this document.

7
JOINT CASE MANAGEMENT STATEMENT